FOKKEN, Respondent, v. STATE BANK & TRUST CO. et al, Appellants.

(220 N. W. 869.)

(File No. 6094. Opinion filed August 10, 1928.)

For original opinion see 217 N. W. 512.

*T. B. Thorson,* of Pierre, and *Perry Loucks,* of Watertown, for Appellants.

*R. A. Dunham* and *F. G. Bohri,* both of Clark, for Respondent.

BROWN, J. Both parties ask for a rehearing in this case—respondent because he now wants the judgment of the trial court giving him a preferred claim modified so as to direct payment of his claim in full out of the money and collateral returned from the Minneapolis bank, without regard to other preferred claims; and appellant because he thinks the decision is wrong on the merits, and, if not, the statement in the opinion that respondent has a preferred claim against the *general assets* of the bank is too broad, that the opinion does not pass on an assignment that the court erred in making an order that the superintendent of banks segregate and place in a safe depository sufficient of the cash

assets in his control to pay the final judgment in respondent's favor, and that the statement in the opinion in regard to interest should be withdrawn.

■ Respondent's petition is denied. He took no appeal, made no complaint of the judgment of the trial court, and concludes his printed brief with the words, "We respectfully submit that the judgment of the trial court should be affirmed."

Defendants' petition presents nothing on the main question that was not carefully considered and disposed of in the opinion. The criticism of the use of the phrase "general assets" is just, but we think a reading of the opinion as a whole would satisfy any but the hypercritical that "general *cash* assets" was intended, and, since the cash returned by the Minneapolis bank and that collected out of the returned securities aggregated more than $21,000, all of which was placed by appellant in the *general cash assets* of the bank, while respondent's claim was less than $6,000, the necessity of using the verbose phrase that "plaintiff was entitled to a preferred claim against the fund composed of the cash returned by the Minneapolis bank and the cash collected from the securities returned by that bank" was not apparent to the writer of the opinion.

■ For the guidance of appellant in future proceedings in the case we state that Fokken's preferred claim in this case is not restricted to the currency and coin *in the bank* at the time it closed, but it likewise is against the cash returned by the Minneapolis bank and the cash realized out of all securities returned by that bank.

■ No error is shown in making the order requiring appellant to segregate from the cash assets in his hands sufficient to pay Fokken's claim. The order is based on an unchallenged finding that appellant, without any order of court or notice to respondent, was using the general cash assets in paying off liens against property owned by the bank or in paying prior liens on property on which the bank held subsequent liens.

■ The amount of the judgment appealed from is not questioned on the appeal, and therefore the matter of interest is, strictly speaking, not before us, and the statement in the opinion with reference thereto is withdrawn, leaving that question open for future consideration, should it ever come before us.

Appellant's petition for a rehearing is denied.

BURCH, P. J., and POLLEY and SHERWOOD, JJ., concur.

CAMPBELL, J., concurs in the view that rehearing should be denied.